UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL SIMPSON,<br><br>            Plaintiff,<br><br>       v.<br><br>PAM AHLIN,<br><br>            Defendant. | Case No.: 1:15-cv-00560-LJO-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO OBEY COURT ORDERS<br><br>(ECF Nos. 3, 4, 6)<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff Earl Simpson ("Plaintiff") is a civil detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on April 9, 2015.

On April 13, 2015, the Court ordered Plaintiff to either consent to or decline Magistrate Judge jurisdiction within thirty days. (ECF No. 3.) Thereafter, on April 21, 2015, the Court ordered Plaintiff to submit an application to proceed in forma pauperis on the correct form or pay the filing fee within thirty days. (ECF No. 4.) On June 3, 2015, the Court issued a second order requiring Plaintiff to either consent to or decline Magistrate Judge jurisdiction within thirty days. (ECF No. 6.) The relevant time periods for Plaintiff to respond to the Court's orders have expired, and Plaintiff has not filed the correct application to proceed in forma pauperis, paid the filing fee or consented to or declined Magistrate Judge jurisdiction.

1

District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988); *see also In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (standards governing dismissal for failure to comply with court orders). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

The Court finds that the public's interest in expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. This action has been pending since April 2015 and can proceed no further without Plaintiff's cooperation and compliance with the Court's orders. Moreover, the matter cannot simply remain idle on the Court's docket, unprosecuted, awaiting Plaintiff's compliance. Indeed, a civil action may not proceed absent the submission of either the filing fee or an application to proceed in forma pauperis. 28 U.S.C. §§ 1914, 1915. As for the risk of prejudice, the law presumes prejudice from unreasonable delay. *In re PPA*, 460 F.3d at 1227-28. Regarding the fourth factor, while public policy favors disposition on the merits and therefore weighs against dismissal, it is Plaintiff's own conduct which is at issue here and which has stalled the case. *Id.* at 1228. Finally, there are no alternative sanctions which are satisfactory. A monetary sanction has little to no benefit in a case in which Plaintiff has ceased responding to the Court's orders.

Further, Plaintiff was warned that his failure to submit an application to proceed in forma pauperis or pay the filing fee would result in dismissal of this action. (ECF No. 4.) A warning that the failure to obey a court order will result in dismissal can meet the consideration of alternatives requirement. *Id.* at 1229.

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, for Plaintiff's failure to comply with the Court's orders.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 13, 2015**            /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE